# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVE RADOVANOVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 0014 |
| ) | Judge Joan H. Lefkow |
| ) | |
| WAL-MART STORES EAST, INC. ) | |
| an Arkansas Corporation, licensed to do ) | |
| business in the State of Illinois, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steve Radovanovic ("Radovanovic") filed this negligence action against defendant Wal-Mart Stores East, Inc. ("Wal-Mart") after he slipped and fell on a patch of ice located on the premises of a Wal-Mart store. The court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).[1] Before the court is Wal-Mart's motion for summary judgment. For the reasons stated below, Wal-Mart's motion is granted.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the

---

[1] Radovanovic filed this lawsuit in the Circuit Court of Will County, Illinois. Thereafter, Wal-Mart requested that Radovanovic admit that his damages were in excess of $75,000, which he did by failing to admit or deny the allegations in Wal-Mart's request. *See* Notice of Removal, ¶¶ 7-9. The matter was then removed to federal court. As there is complete diversity between the parties, Radovanovic is a citizen of Illinois and Wal-Mart is a foreign corporation with its principal place of business in Arkansas, and the amount in controversy exceeds $75,000, the court has diversity jurisdiction over this action.

record. Fed. R. Civ. P 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). In response, the nonmoving party cannot rest on bare pleadings alone but may use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the nonmoving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

## II. FACTS

The facts are undisputed. On February 10, 2001, Radovanovic arrived at the Wal-Mart store located in Morris, Illinois between 3:00 p.m. and 5:00 p.m. in the company of his grandson and nephew. As he was walking toward the main entrance of the store, he noticed that the gate to the store's garden center was open. Rather than proceeding to the store's main entrance, Radovanovic entered the garden center through the open gate. After walking about four or five feet past the gate into the garden center, Radovanovic slipped and fell on ice, causing him injury.

The Wal-Mart store's garden center consists primarily of an outdoor patio area enclosed by a chain-link fence that is eight or nine feet high. This area is exposed to the open air during the winter months and is not covered with any protective covering from the elements. As a result, it is not uncommon for ice or snow to accumulate on the patio.

2

The garden center is open to the public between March 1 and October 1 but is inaccessible to customers during the winter months without the supervision of a Wal-Mart employee. The garden center remains locked during the winter months unless, at the request of a customer, a Wal-Mart employee needs to access the propane tanks located outside of the garden center's gate. The Wal-Mart employees also enter the garden area to move merchandise, to clean the area, and to ensure that the area was free of ice and snow for the safety of other employees. At the time of Radovanovic's fall on February 10, 2001, two Wal-Mart employees, Sara Smith and Heath Berger, were assisting a customer with a propane tank in the garden center and, as a result, had left open the garden center's gate.

## III. ANALYSIS

### A. Unnatural Accumulation of Ice/Snow

Radovanovic alleged, as the underlying basis of his negligence claim, that Wal-Mart caused an unnatural accumulation of ice or snow on its premises. Under Illinois law,[2] a landowner is liable if an injury results from an unnatural accumulation of ice or snow, which is an accumulation that results from an artificial cause or from the defendant's own creation. *Smalling v. LaSalle Nat'l Bank of Chicago*, 433 N.E.2d 713, 715, 104 Ill. App. 3d 894 (Ill. App. Ct. 1982). *See also Fillpot v. Midway Airlines*, 633 N.E.2d 237, 241, 261 Ill. App.3d 237 (Ill. App. Ct. 1994) ("To recover for a slip and fall on ice, a plaintiff must show that the ice upon which she fell was an unnatural accumulation caused or aggravated by defendant"); *Branson v. R&L Investment, Inc.*, 554 N.E.2d

---

[2]Neither party addresses what law governs this diversity action, so the court will apply Illinois law. *See, e.g., Wood v. Mid-Valley Inc.*, 942 F.2d 425, 426 (7th Cir. 1991) ("The operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal courts sits.").

3

624, 629, 196 Ill. App.3d 1088 (Ill. App. Ct. 1990) (to defeat motion for summary judgment in slip and fall, "plaintiff must affirmatively show that the origin of the water was unnatural or caused by defendant"). Radovanovic has since conceded that the evidence before the court precludes a finding that the ice on which he fell was caused by an unnatural accumulation. *See* Pl. Response to Def. Motion for Summary Judgment at 1.

### B. Radovanovic's Alternate Theory of Liability – Duty of Landowners to Invitees

Radovanovic now asserts as his theory of liability that Wal-Mart breached its duty of care that it owed to its business invitees. In Illinois, "for a defendant to be liable for negligence, a plaintiff must establish that the defendant had a duty toward the plaintiff, that he breached that duty, and that the breach was a proximate cause of the plaintiff's injury." *Mason v. Ashland Exploration, Inc.*, 965 F.2d 1421, 1425 (7th Cir. 1992). Radovanovic argues that Wal-Mart owed him a duty of care under the Restatement (Second) of Torts, Section 343, which states,

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*Harris v. Old Kent Bank*, 735 N.E.2d. 758, 765, 315 Ill. App. 3d. 894 (Ill. App. Ct. 2000). Under this standard, a landlord has a duty to provide invitees with a reasonably safe means of ingress to and egress from the premises. *Id.* At the same time, under the natural accumulation rule, a landowner has no liability for injuries resulting from ice or snow that accumulated naturally. *Bloom v. Bistro*, 710 N.E.2d 121, 123, 304 Ill. App. 3d 707 (Ill. App. Ct. 1999). In this case, Radovanovic argues that independent of any natural accumulation of snow or ice, Wal-Mart had a duty to provide a safe

4

means of ingress to and egress from its store. *See McLean* v. *Rockford Country Club*, 816 N.E.2d 403, 410, 352 Ill. App. 3d 229 (Ill. App. Ct. 2004) ("Illinois courts have consistently imposed a duty on property owners to provide reasonably safe means of ingress to and egress from their places of business and have explained that this duty is not abrogated by the presence of a natural accumulation of ice, snow or water.").

1.      Permissibility of New Negligence Theory in Radovanovic's Response Brief

Before reaching the merits of Radovanovic's new theory of negligence, the court will address Wal-Mart's procedural objection. Wal-Mart argues that Radovanovic failed to plead his new theory of liability in his complaint. Of the six counts in the complaint, only two were unrelated to the unnatural accumulation theory, and they alleged that Wal-Mart had failed to conduct a reasonable inspection of the garden center floor and had failed to light the garden center properly.

A federal court sitting in diversity applies federal procedural rules and state substantive laws. 28 U.S.C. § 1652; *Erie R.R. Co.* v. *Tompkins*, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938). As made clear by the Federal Rules of Civil Procedure, a plaintiff is "not required to set forth specific facts and legal theories of [the] case in [the] complaint." *Conner* v. *Ill. Dep't of Natural Resources*, 413 F.3d 675, 679 (7th Cir. 2005). *See also* Fed. R. Civ. P. 8(a). Instead, a complaint is adequate if it puts the opposing party on notice of the matters sought to be litigated. *Id.*

In this case, Radovanovic's complaint put Wal-Mart on notice as to the underlying incident and the claims that were to be litigated. The underlying legal theory has changed but the new theory remains based in negligence. Accordingly, the court will consider the merits of Radovanovic's negligence claim and declines to grant summary judgment on the procedural grounds raised by Wal-Mart.

2.   Radovanovic's Negligence Claim Fails

Even considering Radovanovic's new theory of negligence, the court finds that Wal-Mart is entitled to summary judgment. The common law rules on which the parties rely are in conflict: while landowners have a duty to provide a safe means of ingress and egress for invitees, they are not liable for injuries that result from the natural accumulations of ice and snow. Radovanovic's negligence claim fails, however, because Wal-Mart satisfied its duty of providing a reasonably safe means of ingress to and egress from its store's premises, its main entrance, and because the natural accumulation rule relieved it of its duty to remove the natural accumulation of ice from its garden center.

First, the main entrance was an available and safe means of ingress to and egress from the store's premises. There is no evidence that the front entrance to the Wal-Mart store was unsafe or inaccessible. In fact, the evidence shows that Radovanovic was approaching the store's main entrance but decided to enter the premises through the garden center gate. There is no evidence or argument that anything prevented Radovanovic from entering the store through its main entrance.

Second, none of the exceptions to the natural accumulation rule are applicable to the facts of this case. As Radovanovic correctly recognizes, certain cases have found "exceptions to the 'natural accumulations' rule, because property owners have a duty to provide a reasonably safe means of ingress and egress from their place of business, and this duty is not abrogated by the presence of a natural accumulation of ice, snow, or water." *Lee v. Phillips Petroleum Co.*, No. 00 C 4070, 2001 U.S. Dist. LEXIS 7478, at *24 (N.D. Ill. May 31, 2001). These cases, however, are distinguishable from the present matter.

Courts have found an exception to the natural accumulation rule when the plaintiffs suffered

injuries while using the required or "prescribed" means of ingress or egress. *See Johnson v. Abbott Labs.*, 605 N.E.2d 1098, 238 Ill. App. 3d 898 (Ill. App. Ct. 1992) (natural accumulation rule did not preclude liability for plaintiff's injuries when evidence showed that plaintiff was injured while using the point of ingress and egress to work that plaintiff and other employees had used for several years). Likewise, in both *McLean v. Rockford Country Club, supra,* and *Bloom v. Bistro,* 710 N.E.2d 121, 304 Ill. App. 3d 707 (Ill. App. Ct. 1999), the plaintiffs were injured when they used the front entrances of the defendants' places of business. Radovanovic, by contrast, was injured when he chose to forego using the main entrance of the Wal-Mart store and entered the store's premises through its garden center.[3] Additionally, Radovanovic has not offered any evidence suggesting that he was required to enter the premises through the garden center. *Cf. Johnson,* 605 N.E.2d at 1104 ("In light of the fact that plaintiff had no other reasonable means to get to his work place . . . the evidence supports a finding of liability under these circumstances."). Instead, the plaintiff had an alternate means of entering the Wal-Mart store: the store's main entrance.

Another exception to the natural accumulation rule is found in cases in which the plaintiff alleged the existence of a defect in the defendant's building or an underlying hazard or condition that caused the accumulation of ice or snow. *See, e.g., Bloom v. Bistro,* 710 N.E.2d 121. This exception is akin to the unnatural accumulation theory of liability, which Radovanovic has conceded. Moreover, there is no evidence in this case that any abnormality or defective condition caused the accumulation of ice such that it would trump the natural accumulation rule.

Courts also have declined to apply the natural accumulation rule when it was unclear whether

---

[3] As recognized by Wal-Mart, Radovanovic also has failed to offer evidence or argue that the garden center was a "prescribed" entrance to the store's premises. While the garden center provided a means of accessing the store's premises, the evidence shows that, at least during the winter months, the garden center was not a prescribed means of ingress to or egress from the store.

7

an accumulation of ice or snow, as opposed to poor lighting or something else, was the proximate cause of the plaintiff's injuries. *See Weber v. Chen*, 540 N.E.2d 957, 959, 184 Ill. App. 3d 847, 848-49 (Ill. App. Ct. 1989). Again, this exception is inapplicable to Radovanovic's claim because his claim is that he was injured when he fell on a patch of ice. Therefore, the natural accumulation rule applies to Radovanovic's claim of negligence, relieving Wal-Mart of liability for Radovanovic's injuries.

Because the natural accumulation rule applies to Radovanovic's claim of liability and because Wal-Mart provided a safe means of ingress into and egress from its store, Wal-Mart is entitled to summary judgment on Radovanovic's claim of negligence.

## III. CONCLUSION

For the reasons stated above, Wal-Mart's motion for summary judgment [#19] is granted. The clerk is directed to enter judgment in favor of the defendant. This case is terminated.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: February 2, 2006

8